IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA MUKHINA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-00255-OLG |
| | § | |
| PINGORA LOAN SERVICING, LLC | § | |
| AND PHH MORTGAGE SERVICES | § | |
| CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Pingora Loan Servicing, LLC and PHH Mortgage Services Corporation ("Defendants") move for summary judgment as to all Plaintiff Maria Mukhina's claims, pursuant to Federal Rule of Civil Procedure 56, and would respectfully show as follows:

## I.
## INTRODUCTION

Plaintiff is a borrower in default who, in an attempt to avoid foreclosure of her property, filed suit against Defendants. Plaintiff claims Defendants breached their contract with her by allegedly failing to accept her untimely and insufficient payments, provide reinstatement information, and failing to send the notice of foreclosure sale by certified mail.[1] Because Plaintiff's default was a prior material breach of the loan, and because Defendants were not required to accept a deficient payment, had indeed provided reinstatement information on numerous occasions, never foreclosed on the property, and correctly sent all foreclosure notices, Plaintiff's claims fail as a matter of law.

---

[1] Pl.'s Orig. Pet. & App. for Temp. Restraining Order ("Original Petition") (Doc. No. 1-1) at 3.

515572.2

## II.
## FACTS

Plaintiff purchased the property located at 5811 Akin Elm, San Antonio, Texas 78261 (the "Property") in September 2014, and very quickly after fell into default under the terms of the Note and Deed of Trust encumbering the Property.[2] After Defendants sent Plaintiff a Notice of Intention to Foreclose on December 19, 2014, Plaintiff made sporadic monthly payments, but frequently missed due dates, paid less than the total amount due, or had payments returned due to insufficient funds. In 2015, Plaintiff attempted to complete a loss mitigation application so that Defendants could evaluate her eligibility for a homeowners assistance program.[3] However, even after being notified of the deficiencies in her application on several occasions, Plaintiff never sent Defendants a complete application.[4]

Due to missing payments from July to November 2015, Plaintiff owed over $9,339.15 in past due mortgage payments.[5] On October 31, she attempted to make a partial payment, but because the payment was not sufficient to clear the total amount in default, it was returned.[6] By February 2016, Plaintiff owed $16,687.32 in past-due payments, prompting Defendants to accelerate the note and initiate foreclosure proceedings.[7] This lawsuit ensued.

---

[2] Original Petition (Doc. No. 1-1) at 6; **Exhibit A-1**, Notice of Intention to Foreclose.
[3] **Exhibit A-1**, Notice of Intention to Foreclose; **Exhibit A-2**, Letters Regarding Incomplete Loss Mitigation Application.
[4] **Exhibit A-2**, Letters Regarding Incomplete Loss Mitigation Application.
[5] **Exhibit A-3**, November 9, 2015 Letter Regarding Insufficient Payment.
[6] **Exhibit A-3**, November 9, 2015 Letter Regarding Insufficient Payment.
[7] **Exhibit A-4**, February Mortgage Statement; **Exhibit A-5**, Notice of Acceleration and Notice of Posting & Foreclosure.

2

## III.
## SUMMARY JUDGMENT EVIDENCE

In support of this Motion, Defendants rely upon the following evidence which is attached as exhibits to this Motion:

| | | |
|---|---|---|
| **Exhibit A** | – | Affidavit of Jane Spare |
| **Exhibit A-1** | – | Notice of Intention to Foreclose Dated December 19, 2014 |
| **Exhibit A-2** | – | Letters Regarding Incomplete Loss Mitigation Application |
| **Exhibit A-3** | – | November 9, 2015 Letter Regarding Insufficient Payment |
| **Exhibit A-4** | – | February 2016 Mortgage Statement |
| **Exhibit A-5** | – | Notice of Acceleration and Notice of Posting & Foreclosure |
| **Exhibit A-6** | – | Deed of Trust |
| **Exhibit A-7** | – | October 2015 Mortgage Statement |
| **Exhibit A-8** | – | Correspondence Regarding Reinstatement Figures |

## IV.
## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.[8] A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.[9] The movant need only show the absence of evidence to support a claim on issues to which the non-movant bears the ultimate burden of proof at trial.[10] Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be

---

[8] FED. R. CIV. P. 56.
[9] Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).
[10] *Id.* at 323-25.

granted.[11] The non-moving party must set forth specific facts showing the existence of a genuine issue for trial.[12]

## V.
## ARGUMENTS & AUTHORITIES

### A.   *Plaintiff's breach of the Deed of Trust bars her breach of contract claim.*

The elements of breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.[13] However, "it is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach."[14] Plaintiff breached the Deed of Trust by failing to make required mortgage payments, thus precluding her breach of contract claim as a matter of law.

The prior material breach doctrine applies in the mortgage context. In *Von Scheele v. Wells Fargo Bank, NA*, a borrower fell behind on his mortgage payments and defaulted on his loan.[15] The lender began the foreclosure process and, like here, in order to avoid foreclosure the borrower sued for breach of contract.[16] The court dismissed the borrower's claims because there was no dispute that he failed to make the payments required by the deed of trust and that he never tendered the amount necessary to bring the loan current.[17] Because a party to a contract

---

[11] *Id.* at 324-35.
[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).
[13] Foley v. Daniel, 346 S.W.3d 687, 690 (Tex. App.—El Paso 2009, no pet.).
[14] Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotations omitted); Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc., 134 S.W.3d 195, 198 (Tex. 2004); Compass Bank v. MFP Fin. Servs., Inc., 152 S.W.3d 844, 852 (Tex. App.—Dallas 2005, pet. denied).
[15] No. SA-12-CV-00690-DAE, 2013 WL 5346710, at *1 (W.D. Tex. Sept. 23, 2013) (applying Texas law).
[16] *Id.* at *4-5.
[17] *Id.* at *5.

who is in default cannot maintain a suit for the contract's breach, the borrower's breach of contract claim failed as a matter of law.[18]

Similarly, in this matter Plaintiff breached the Deed of Trust by failing to make required mortgage payments.[19] The Deed of Trust requires Plaintiff to timely pay monthly principal and interest due under the Note.[20] Plaintiff admits she failed to make payments and was thus in default.[21] Due to her prior material breach of the Deed of Trust, Plaintiff is precluded from bringing a breach of contract claim as a matter of law.[22]

### B. *Plaintiff failed to pay the full reinstatement amount, prompting Defendants to reject her partial payment.*

Plaintiff claims Defendants breached the terms of the Deed of Trust by refusing to accept her October 31, 2015 mortgage payment, which she claims was the "full reinstatement amount."[23] The Deed of Trust mandates that, though Plaintiff has a right to be reinstated if Defendants require immediate payment in full of all past-due amounts, Plaintiff "*shall tender in a lump sum all amounts required to bring [Plaintiff's] account current . . . .*"[24]

Plaintiff did not tender "all amounts required to bring [her] account current" and as such, Defendants were not required to accept her partial payment. As indicated in Defendants'

---

[18] *Id. See also* Choe v. Bank of Am., N.A., 605 F. App'x 316, 320-21 (5th Cir. 2015) (applying Texas law and holding borrowers could not maintain breach of contract action against lender because they did not perform under the terms of the deed of trust); Langlois v. Wells Fargo Bank Nat'l Ass'n, 581 F. App'x 421, 426 (5th Cir. 2014) (holding under Texas law that borrowers' claim that lender breached loan modification agreement failed as a matter of law because it was undisputed that borrowers defaulted by failing to make required escrow payments).
[19] Original Petition (Doc. No. 1-1) at ¶ 10.
[20] **Exhibit A-6**, Deed of Trust at ¶ 1.
[21] Original Petition (Doc. No. 1-1) at ¶ 10.
[22] To the extent Plaintiff asserts a claim under the Real Estate Settlement Procedures Act ("RESPA"), that claim fails because Plaintiff presents no evidence that she sent a request for information to Defendants (*see* Svoboda v. Bank of Am., NA, 964 F. Supp. 2d 659, 670-71 (W.D. Tex. 2013)) and because the overwhelming evidence demonstrates Defendants frequently provided Plaintiff with updated reinstatement figures. *See* **Exhibit A-8**, Correspondence Regarding Reinstatement Figures. Lastly, Plaintiff cannot demonstrate she suffered any damages as a result of Defendants' purported RESPA violation. *See* Colliler v. Wells Fargo Home Mortg., No. 7:04-CV-086-K, 2006 WL 1464170, at *3 (N.D. Tex. May 26, 2006); Seelbach v. Wells Fargo Home Mortg., No. 1:08-CV-661, at *5 (E.D. Tex. Feb. 22, 2010).
[23] Original Petition (Doc. No. 1-1) at ¶ 11, 16.
[24] **Exhibit A-6**, Deed of Trust at ¶ 10 (emphasis added).

November 9, 2015 letter to Plaintiff, her check was returned because it was insufficient to clear default.[25] The total amount required to bring the loan current was $9,372.40.[26] However, Plaintiff only paid $5,100.00.[27] Because Plaintiff owed an additional $4,272.40 to cure the default, Defendants returned her payment.[28] Plaintiff's October payment did not bring her account current and, pursuant to the terms of the Deed of Trust, Defendants were not required to reinstate her loan. Thus, Plaintiff's breach of contract claim regarding reinstatement of the Loan fails as a matter of law.

### C.  *Defendants mailed Plaintiff the Notice of Foreclosure by Certified Mail.*

Plaintiff claims Defendants are liable for breach of contract because they failed to mail, by certified mail, notice of the March 1, 2016 foreclosure sale.[29] The Deed of Trust provides that all notices to Plaintiff shall be given by mailing the notice by first class mail to the Property address.[30] Service by certified mail is complete when the notice is deposited in the U.S. Mail, postage prepaid, addressed to the debtor at the debtor's last known address as shown by the records of the debt holder.[31] There is no need for actual notice, as the Property Code only requires constructive notice.[32]

All the evidence in this case indicates Defendants complied with the terms of the Deed of Trust and the Texas Property Code. Defendants sent by certified mail, through their foreclosure

---

[25] **Exhibit A-3**, November 9, 2015 Letter Regarding Insufficient Payment.
[26] *Id.*
[27] *Id.*
[28] *Id.* Plaintiff knew that she was behind more than $5,100 before she wrote the deficient check, as she received her monthly mortgage statement on October 16, 2015 indicating the total amount due was $9,350.40. **Exhibit A-7**, October Mortgage Statement.
[29] Original Petition (Doc. No. 1-1) at ¶ 16.
[30] **Exhibit A-6**, Deed of Trust at ¶ 13.
[31] TEX. PROP. CODE § 51.002(e) (West 2013); Stanley v. CitiFinancial Mortg. Co., Inc., 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied).
[32] *Stanley*, 121 S.W.3d at 817.

counsel, a Notice of Acceleration and Notice of Posting & Foreclosure on February 8, 2016.[33] Accordingly, they complied with their duties under both the Deed of Trust and the Property Code, and Plaintiff's claims to the contrary fail as a matter of law.

Further, even if Plaintiff could demonstrate Defendants failed to mail the notice of foreclosure correctly, it is undisputed she suffered no damages as a result, because Defendants did not foreclose and she is still in possession of the Property. In order for Plaintiff to recover on a breach of contract theory, she must prove she suffered actual damages.[34] As the Northern District explained in a similar context:

> The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. Plaintiff in the petition seeks damages in the form of loss of benefits expected to be received in the future, specifically, the right to possession of her residence. However, plaintiff testified that no foreclosure has occurred, she has remained in continuous possession and occupation of the residence, and title remains in her name. Plaintiff has alleged no damages actually sustained from the alleged breach of the Loan Modification Agreement.[35]

To the extent Plaintiff contends the alleged failure to send a notice of foreclosure constitutes wrongful foreclosure, those claims similarly fail because the foreclosure never took place and she remains in possession of the Property.[36]

For these reasons, Defendants Pingora Loan Servicing, LLC and PHH Mortgage Services Corporation respectfully request this Court GRANT this Motion for Summary Judgment and dismiss all Plaintiff's claims with prejudice, and for such other and further relief to which they may be justly entitled.

---

[33] **Exhibit A-5**, Notice of Acceleration and Notice of Posting & Foreclosure. Postal records show the correspondence was unclaimed.
[34] Peoples v. BAC Home Loans Servicing, LP, No. 4:10-CV-489-A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).
[35] *Peoples*, 2011 WL 1107211, at *4.
[36] *Peoples*, 2011 WL 1107211, at *4 (holding that under Texas law, loss of possession is required to state a claim for wrongful foreclosure).

                                        Respectfully submitted,

                                        By:   */s/ David Smith*

                                              **S. DAVID SMITH**
                                              State Bar No. 18682550
                                              Federal I.D. No. 14233
                                              MCGLINCHEY STAFFORD
                                              1001 McKinney, Suite 1500
                                              Houston, Texas 77002
                                              Telephone: (713) 335-2136
                                              eFax: (713) 583-5891
                                              sdsmith@mcglinchey.com
                                              *ATTORNEY-IN-CHARGE FOR*
                                              *DEFENDANTS PHH MORTGAGE*
                                              *CORP., and PINGORA LOAN*
                                              *SERVICING, LLC*

OF COUNSEL
**Melissa S. Gutierrez**
State Bar No. 24087648
Fed. I.D. No. 2255351
McGlinchey Stafford
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Fax: (713) 520-1025
mgutierrez@mcglinchey.com

                                                            8

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of October, 2016, pursuant to the Federal Rules of Civil Procedure, a copy of the above and foregoing was served as follows to the following counsel of record:

***Via ECF Notification***
Matthew Obermeier
Matthew Willis
14255 Blanco Rd.
San Antonio, Texas 78216
*ATTORNEYS FOR PLAINTIFF*

                                      */s/ S. David Smith*
                                      S. David Smith